UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN GAMINO,<br>　　　　Plaintiff,<br>　　v.<br>USA,<br>　　　　Defendant. | Case No. 19-cv-01880-HSG<br>**ORDER DENYING MOTION TO VACATE**<br>Re: Dkt. No. 1 |
| USA,<br>　　　　Plaintiff,<br>　　v.<br>GAMINO,<br>　　　　Defendant. | Case No. 11-cr-00596-HSG-2<br><br>Re: Dkt. No. 67 |
| USA,<br>　　　　Plaintiff,<br>　　v.<br>GAMINO,<br>　　　　Defendant. | Case No. 11-cr-00595-HSG-1<br><br>Re: Dkt. No. 36 |

**I.　BACKGROUND**

On April 18, 2019, Defendant Adrian Gamino ("Defendant") filed a *pro se* motion to vacate, set aside, or correct his sentence. *See* Dkt. No. 36 in 11-CR-00595-HSG-1 and Dkt. No. 67 in 11-CR-00596-HSG-2. Defendant was sentenced to 240-month concurrent sentences in the two cases for conspiracy to possess with intent to distribute and distribution of methamphetamine. *See id.* Defendant's motion argues that his prior convictions should not have qualified as controlled

substance offenses in light of the Supreme Court's decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 576 U.S. 591 (2015). Defendant contends that his sentence was unlawfully increased as a result.

On August 28, 2020, the Court ordered the United States Attorney's Office to file a response to Defendant's motion. *See* Dkt. No. 47 in 11-CR-00595-HSG-1 and Dkt. No. 77 in 11-CR-00596-HSG-2.[1] Although the order afforded Defendant the opportunity to file a memorandum of points and authorities in support of his 2255 Motion, he did not do so.

## II.   ANALYSIS

Defendant's motion to vacate, set aside, or correct his sentence fails because the sentencing court properly determined that his three prior convictions for possession of a controlled substance for sale were "drug trafficking offenses," warranting a classification as a career offender and a sentence of 240 months of confinement. And nothing about *Sessions* or *Johnson* changes that conclusion.

The Ninth Circuit has consistently affirmed that under the categorical approach required by *Taylor v. United States*, 495 U.S. 575, 602 (1990), a conviction for possession of methamphetamine for sale qualifies as a drug trafficking offense for purposes of the federal sentencing guidelines. *United States v. Valle-Montalbo*, 474 F. 3d. 1197, 1200-1201 (9th Cir. 2007). Without dispute, Defendant was convicted, on three separate occasions, of possession of a controlled substance for sale in violation of California Health and Safety Code Section 11378, which prohibits the "possess[ion] for sale" of certain controlled substances. *See* Dkt. No. 55 in 11-CR-0595-HSG-1 (presentence report) at ¶¶ 38, 45, 48, 49. Methamphetamine is a schedule II controlled substance that is illegal to possess under California Health and Safety Code Section 11055(d)(2). Based on this undisputed record, the sentencing court properly applied the categorical approach to determine that Defendant was a career offender under U.S.S.G § 4B1.1.

Ninth Circuit authority, including *Valle-Montalbo*, was binding on the sentencing court,

---

[1] The cases were originally assigned to the Honorable Lucy H. Koh, who imposed the sentences being challenged. On January 21, 2022, the underlying criminal cases and the associated civil habeas case were reassigned to the undersigned. *See* Dkt. No. 3 in 19-cv-01880-HSG and Dkt. No. 3 in 19-cv-01881-HSG.

1  and is binding on this Court, unless it is clearly irreconcilable with intervening higher authority.
2  The Ninth Circuit has cautioned that only in cases of "clear irreconcilability" can district courts
3  "consider themselves bound by the intervening higher authority and reject the prior opinion of [the
4  Ninth Circuit] as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 899–900
5  (9th Cir. 2003) (en banc). "This is a high standard," which "requires [the district court] to look at
6  more than the surface conclusions of the competing authority." *Rodriguez v. AT & T Mobility
7  Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (quotation omitted).
8  　　　　Neither *Sessions* nor *Johnson* is irreconcilable with the controlling Ninth Circuit precedent
9  so as to meet the *Miller* standard. In striking down the Armed Career Criminal Act's (ACCA's)
10 residual clause in *Johnson*, the Supreme Court emphasized that its decision "does not call into
11 question application of the [Armed Career Criminal] Act to the [Act's] four enumerated offenses,
12 or to the remainder of the Act's definition of a violent felony," including an offense that "has as an
13 element the use, attempted use, or threatened use of physical force against the person of another"
14 and a felony offense that "is burglary, arson, or extortion, [or] involves the use of explosives," 18
15 U.S.C. § 924(e)(2)(B)(i)-(ii); *Johnson*, 576 U.S. at 606. In *Sessions*, the Supreme Court held that
16 18 U.S.C. § 16(b), part of the definition of "crime of violence," is unconstitutionally vague, just
17 like the residual clause in *Johnson*. But in this case, Defendant had three prior convictions for
18 drug trafficking offenses. Those offenses are specifically enumerated in the Guidelines, and were
19 thus unaffected by the Supreme Court's later cases regarding the residual clause or the crime of
20 violence definition. *See* U.S.S.G. § 2L1.2, Comment 2 (defining a "drug trafficking offense" as
21 "an offense under federal, state, or local law that prohibits . . . the possession of a controlled
22 substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or
23 dispense"). So the above-cited Ninth Circuit authority remains binding, and requires denial of
24 Defendant's motion.
25 //
26 //
27 //
28 //

3

### III. CONCLUSION

Defendant's Motions to Vacate, Set Aside or Correct Sentence, Dkt. No. 36 in Case No. 11-CR-00595-HSG-1, Dkt. No. 67 in Case No. 11-CR-00596-HSG-2, and Dkt. No. 1 in Case No. 19-cv-01880-HSG, are **DENIED.** The Clerk is directed to close the file of Case No. 19-cv-01880-HSG.

**IT IS SO ORDERED.**

Dated: 5/17/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge